UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| JERRY DANIEL BLEVINS, | ) | |
|---|---|---|
| Petitioner, | ) | 2:24-CV-00044-DCLC-CRW |
| | ) | 2:18-CR-00076-DCLC-CRW |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Jerry Daniel Blevins' Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1; Criminal Docket ("Crim.") Doc. 52]. The United States (the "Government") responded in opposition [Doc. 5] and the deadline for Petitioner to file a reply has passed [*See* Doc. 4]. Thus, this matter is ripe for review. For the reasons stated herein, Petitioner's motion [Doc. 1] is **DENIED**.

**I.    BACKGROUND**

On July 12, 2018, a grand jury returned an indictment charging Petitioner with one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), one count of possession of a stolen firearm in violation of 18 U.S.C. § 922(j), and one count of possession of a firearm by an unlawful user of a controlled substance in violation of 18 U.S.C. § 922(g)(3) [Crim. Doc. 3]. On November 28, 2018, Petitioner pleaded guilty to the § 922(g)(1) offense and the Government agreed to move to dismiss the remaining counts at the time of sentencing [Crim. Docs. 21, 24]. On March 7, 2019, the Court sentenced Petitioner within his guideline range to 96 months' imprisonment to be followed by a three-year term of supervised release [Crim. Doc. 39]. On

March 4, 2024, nearly five years after entry of the Judgment, Petitioner moved to preserve the right to challenge the constitutionality of his § 922(g)(1) conviction and sentence [Crim. Doc. 51]. Thereafter, he moved pursuant to § 2255 to vacate the conviction and sentence [Doc. 1; Crim. Doc. 52]. The Government opposes Petitioner's motion [Doc. 5].

## II. ANALYSIS

Under § 2255, "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A court must vacate a sentence upon a finding "that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack[.]" 28 U.S.C. § 2255(b). Motions under § 2255 must be filed within one year from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner does not dispute that he filed the instant motion more than one year after his judgment of conviction became final [*See* Doc. 1, pg. 11]. Nonetheless, he asserts that his motion is timely because the Supreme Court decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*,

2

597 U.S. 1 (2022) ("*Bruen*") "made it unconstitutional for felons like [him] to be convicted of [§ 922(g) offenses]" [*Id.*]. Thus, it appears that Petitioner's argument is that the one-year limitations period began on the date the Supreme Court decided *Bruen* under § 2255(f)(3).

As an initial matter, the Supreme Court did not recognize a new constitutional right in *Bruen*. Post-*Bruen*, the Sixth Circuit has reiterated that "felon-in-possession laws are 'presumptively lawful.'" *United States v. Williams*, 113 F.4th 637, 663 (6th Cir. 2024). Nevertheless, even assuming the Supreme Court recognized a new right in *Bruen* and made such right retroactively applicable to cases on collateral review, Petitioner's § 2255 motion is still untimely. The Supreme Court decided *Bruen* on June 23, 2022, more than a year before Petitioner filed the instant motion. Accordingly, Petitioner's § 2255 motion is time-barred by the applicable statute of limitations.

### III. CONCLUSION

For the reasons stated herein, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1; Crim. Doc. 52] and motion to preserve a right to challenge the constitutionality of his § 922(g)(1) conviction and sentence [Crim. Doc. 51] are **DENIED** and this case is **DISMISSED**. Further, the Court certifies that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c). A separate judgment shall enter.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Court
